UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| JOEL LUTHER BAKER,<br><br>    Plaintiff,<br><br> vs.<br><br>SHERIFF THORN,[1] in his individual and official capacity; COMMANDER YANTIS, in his individual and official capacity; LT. HOUSTON, in her individual and official capacity; DR. LONG, in his individual and official capacity; MR. TRUAX, in his individual and official capacity; MRS. KAYLA G., in her individual and official capacity; SEARGENT BOAL, in his individual and official capacity; CAPTAIN ANDERSON, in his official capacity,<br><br>    Defendants. | 5:21-CV-05084-KES<br><br><br>1915A SCREENING |

  Plaintiff, Joel Luther Baker, a pretrial detainee at the Pennington County Jail, filed a pro se civil rights lawsuit under 42 U.S.C. § 1983. Docket 1. This court granted Baker leave to proceed in forma pauperis and ordered him to pay an initial filing fee. Docket 5. Baker timely paid his initial filing fee on December 8, 2021. This court will now screen Baker's amended complaint under 28 U.S.C. § 1915A.

---

[1] Baker names Sheriff Thorn as a defendant in this lawsuit. The Sheriff's actual name is Thom. The court will refer to the Sheriff by his actual name in this opinion.

I.     **1915A Screening**

   A.     **Factual Background**

The facts alleged in Baker's complaint are: that several conditions at the Pennington County Jail are unsafe and abusive. *See* Docket 1 at 5-14. Baker alleges that the Pennington County Jail fails to properly pass out medication. Docket 1 at 5. He claims that he was denied medication by Mr. Truax, a former jail employee, because he went to the back of the medication line where he could rest his sore leg. *Id.* He claims that Mrs. Kayla G., a jail employee who is not a medical professional, regularly denies him his medication. *Id.* He alleges that this has caused him "several painful symptoms and even withdrawals[.]" *Id.*

Baker claims that Dr. Long, a medical provider at the Pennington County Jail, has mistreated him by overprescribing medication that has caused dependencies. *Id.* at 2, 6. He also claims that Dr. Long once asked him about his Hepatitis C infection, weeks after he had been cleared of active Hepatitis C, when he was complaining of back and leg pain. *Id.* at 6. Baker alleges that this proves Dr. Long's neglect because he was unaware of Baker's health. *Id.* Baker also alleges that Dr. Long ignored his leg and back pain, only stating that Baker would be weaned off of his pain medication because it was not working. *Id.* Baker claims that he still suffers from pain and that he no longer trusts the medical staff. *Id.*

Baker claims that the Pennington County Jail has failed to safely handle the COVID-19 pandemic. *Id.* at 7. He claims that family visitation has been

denied because of the pandemic, but jail staff have no mask or vaccine requirements, testing requirements, or safety protocols. *Id.* He also claims that he has repeatedly brought this issue to the jail staff's attention. *Id.* He specifically alleges that he warned jail staff of the pandemic threat posed by increased numbers of people in the region because of the Sturgis motorcycle rally. *Id.* at 12-13. He alleges that jail staff required housing units to quarantine but that the issue was with the staff themselves. *Id.* at 7. He also alleges that he got COVID because of the jail's failure to implement safety protocols, although he acknowledges that the jail did eventually require masks. *Id.* He claims that the jail failed to sanitize common surfaces and that inmates were quarantined for a few days and only allowed out for one or two hours a day. *Id.* at 13.

Baker claims that Pennington County Jail staff handle grievances "in an unreasonable, unwinable [sic], and biased fashion." *Id.* at 8. He also claims that there is no emergency access to command staff for when inmates are hurt or abused. *Id.* He alleges that he once was required to lock down[2] because he yelled to help other inmates get the attention of a correctional officer. *Id.* He also alleges that Sergeant Boal, the appeals officer at the jail, is heavily biased against inmates. *Id.* at 9. He claims that lockdowns have caused him atrophied

---

[2] Baker does not explain what he means when he refers to a lockdown, but it appears that he is referring to solitary confinement used as a disciplinary measure. *See* Docket 1 at 8-9. He explains that he does not get enough exercise in one hour to prevent leg cramps while locked down and that he is not allowed to talk to anyone. *Id.* at 9.

muscles and muscle cramps, as well as suicidal thoughts and thoughts of self-harm. *Id.*

Baker claims that jail employees are quitting because of "too much strain and too much mental assault from Mrs. Houston, Captain Anderson, and Commander Yantis."[3] *Id.* at 10. He claims that the jail staff is now overworked, beaten down, and exhausted. *Id.* He alleges that this causes mistakes and security risks, including issues with medication. *Id.* He also alleges that violent inmates may try to test security because of this issue. *Id.*

Baker claims that Lieutenant Houston has retaliated against him for his "pursuit of justice." *Id.* at 11. He claims that he "blew up" over being written up the wrong way when they first met and that her "vendetta" against him has continued ever since. *Id.* He alleges that she has told him that his complaints would hold up in a court of law but not in the Pennington County Jail. *Id.* He also alleges that Lieutenant Houston and Captain Anderson work together to question inmates about their religion. *Id.*

Baker sues all defendants in their individual and official capacities except for Captain Anderson. *See id.* at 2-3. Although Baker names Captain Anderson as a defendant in the caption of his complaint, he does not indicate the capacity in which he sues Anderson.[4] *See id.* at 1-3. Baker asks the court to award money damages. *Id.* at 14.

---

[3] Baker refers to Houston as "Liutenant [sic] Houston" in the caption of his complaint but as "Lt. Houston" and "Mrs. Houston" throughout his complaint. Docket 1 at 1-2, 7-8, 10-13. The court will refer to her as Lieutenant Houston.
[4] If a plaintiff does not specify the capacity in which he sues a defendant, the suit is treated as only including official capacity complaints. *Egerdahl v.*

4

### B. Legal Background

The court must assume as true all facts well pleaded in the complaint. *Estate of Rosenberg v. Crandell*, 56 F.3d 35, 36 (8th Cir. 1995). Pro se and civil rights complaints must be liberally construed. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Bediako v. Stein Mart, Inc.*, 354 F.3d 835, 839 (8th Cir. 2004). Even with this construction, "a pro se complaint must contain specific facts supporting its conclusions." *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985); *see also Ellis v. City of Minneapolis*, 518 F. App'x 502, 504 (8th Cir. 2013). Civil rights complaints cannot be merely conclusory. *Davis v. Hall*, 992 F.2d 151, 152 (8th Cir. 1993); *Parker v. Porter*, 221 F. App'x 481, 482 (8th Cir. 2007).

A complaint "does not need detailed factual allegations . . . [but] requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted). If it does not contain these bare essentials, dismissal is appropriate. *Beavers v. Lockhart*, 755 F.2d 657, 663 (8th Cir. 1985). *Twombly* requires that a complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all of the allegations in the complaint are true[.]" *Twombly*, 550 U.S. at 555 (internal citation omitted); *see also Abdullah v. Minnesota*, 261 F. App'x 926, 927 (8th Cir. 2008) (noting that a "complaint must contain either

---

*Hibbing Cmty. Coll.*, 72 F.3d 615, 619 (8th Cir. 1995); *Nix v. Norman*, 879 F.2d 429, 431 (8th Cir. 1989). Thus, Baker sues Captain Anderson in his official capacity only.

direct or inferential allegations respecting all material elements necessary to sustain recovery under some viable legal theory"). Under 28 U.S.C. § 1915A, the court must screen prisoner complaints and dismiss them if they "(1) [are] frivolous, malicious, or fail[] to state a claim upon which relief may be granted; or (2) seek[] monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

### C. Legal Analysis

"Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009).

> Thus, each Government official . . . is only liable for his or her own misconduct. As we have held, a supervising officer can be liable for an inferior officer's constitutional violation only if he directly participated in the constitutional violation, or if his failure to train or supervise the offending actor caused the deprivation.

*Parrish v. Ball*, 594 F.3d 993, 1001 (8th Cir. 2010) (cleaned up). Baker's individual capacity claims must allege that each individual defendant either participated in the unconstitutional conduct or caused the conduct to occur through a failure to train or supervise the offending actor.

All defendants were employees of the Pennington County Jail at the time of the incidents in question. "A suit against a government officer in his official capacity is functionally equivalent to a suit against the employing governmental entity." *Veatch v. Bartels Lutheran Home*, 627 F.3d 1254, 1257 (8th Cir. 2010). Baker's official capacity claims are equivalent to claims against

Pennington County. "[A] local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). "[I]t is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." *Id.*; *see also Clay v. Conlee*, 815 F.2d 1164, 1170 (8th Cir. 1997) (finding that "the [governmental] entity's official 'policy or custom' must have 'caused' the constitutional violation" in order for that entity to be liable under § 1983).

To establish governmental liability premised on an unofficial custom rather than an official policy, a plaintiff must allege facts to support a finding of "a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees" and "deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the officials of that misconduct[.]" *Brewington v. Keener*, 902 F.3d 796, 801 (8th Cir. 2018) (quoting *Corwin v. City of Independence*, 829 F.3d 695, 700 (8th Cir. 2016)). A § 1983 complaint does not need to "specifically plead the existence of an unconstitutional policy or custom to survive a motion to dismiss." *Crumpley-Patterson v. Trinity Lutheran Hosp.*, 388 F.3d 588, 591 (8th Cir. 2004) (citing *Doe ex rel. Doe v. Sch. Dist.*, 340 F.3d 605, 614 (8th Cir. 2003)). But the complaint must still include some allegation, reference, or language that creates an inference that the conduct resulted from an unconstitutional policy or custom. *Id.*; *see also Doe*, 340 F.3d at 614 ("At a

7

minimum, a complaint must allege facts which would support the existence of an unconstitutional policy or custom.").

### 1. Medical Care Claims

Baker brings claims against Mr. Truax, Mrs. Kayla G., Sheriff Thom, and Dr. Long, in their individual and official capacities, for failing to provide medication and medical care. Docket 1 at 2-3, 5-6. A pretrial detainee's claims of inadequate medical care are analyzed under the Fourteenth Amendment's due process protections, rather than the Eighth Amendment. *Davis v. Hall*, 992 F.2d 151, 152 (8th Cir. 1993) (per curiam). But because the Eighth Circuit Court of Appeals has not established a different standard for this analysis, these claims are examined under the same deliberate indifference standard as Eighth Amendment claims by convicted inmates. *Id.* at 152-153.

"[D]eliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain' proscribed by the Eighth Amendment." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (quoting *Gregg v. Georgia*, 428 U.S. 153, 173 (1976)). "This is true whether the indifference is manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed." *Id.* at 104-05 (footnotes omitted). "This conclusion does not mean, however, that every claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth Amendment." *Id.* at 105. "[A] prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious

medical needs." *Id.* at 106. Allegations of negligence will not suffice, nor will mere disagreement with treatment decisions. *See Jolly v. Knudsen*, 205 F.3d 1094, 1096 (8th Cir. 2000).

The deliberate indifference standard includes both an objective and subjective component. *Dulany v. Carnahan*, 132 F.3d 1234, 1239 (8th Cir. 1997) (citing *Coleman v. Rahija*, 114 F.3d 778, 784 (8th Cir. 1997)). The plaintiff "must demonstrate (1) that [he] suffered objectively serious medical needs and (2) that the prison officials actually knew of but deliberately disregarded those needs." *Id.* (citing *Coleman*, 114 F.3d at 784). "A serious medical need is 'one that has been diagnosed by a physician as requiring treatment, or one that is so obvious that even a layperson would easily recognize the necessity for a doctor's attention.' " *Coleman*, 114 F.3d at 784 (quoting *Camberos v. Branstad*, 73 F.3d 174, 176 (8th Cir. 1995)). To be liable for deliberately disregarding medical needs, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

Baker alleges sufficient facts to state a claim for deliberate indifference to his serious medical needs regarding medication at the Pennington County Jail. He claims that he is on medication, including pain medication, showing serious medical needs. He claims that Mr. Truax and Mrs. Kayla G. knew of his medical needs and deliberately refused to provide him with his medication. He does not allege that Sheriff Thom directly participated in the deliberate

9

indifference or that Sheriff Thom's failure to train Mr. Truax or Mrs. Kayla G. caused their indifference. Thus, Baker's claims for deliberate indifference to serious medical needs regarding medication against Mr. Truax and Mrs. Kayla G. in their individual capacities survive § 1915A screening, but his claim against Sheriff Thom in his individual capacity is dismissed without prejudice under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(l).

Baker alleges that the Pennington County Jail often has non-medical staff pass out medication and that this has caused him to be denied medication. Docket 1 at 5. Baker alleges sufficient facts to show that the Pennington County Jail has an unofficial custom of allowing or requiring non-medical staff to pass out medication. But Baker claims that Mr. Truax no longer works at the Pennington County Jail.[5] Thus, Baker's claims for deliberate indifference to serious medical needs regarding medication against Mrs. Kayla G. and Sheriff Thom in their official capacities survive § 1915A screening, but his claim against Mr. Truax in his official capacity is dismissed without prejudice under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(l).

Baker fails to allege sufficient facts to state a claim for deliberate indifference to his serious medical needs against Dr. Long and Sheriff Thom for the medical treatment that he received from Dr. Long. He claims that Dr. Long has prescribed too much medication, has been inattentive to his recovery from

---

[5] Normally, an official capacity claim against a public official who is no longer employed in that capacity continues against the official's successor. Fed. R. Civ. P. 25(d). But Baker makes no claims naming a successor to Mr. Truax, and his official capacity claims remain against other jail officials. Thus, this court will dismiss the official capacity claims against Mr. Truax.

Hepatitis C, and has weaned him off pain medications that Baker believes he should still be taking. Docket 1 at 6. At most, these are allegations of negligence and disagreement with treatment decisions, which are not deliberate indifference to serious medical needs under *Jolly*. Thus, Baker's claims for deliberate indifference to serious medical needs regarding Dr. Long's treatment against Dr. Long and Sheriff Thom in their individual and official capacities are dismissed without prejudice under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(l).

### 2. Grievance Process Claims

Baker brings claims against Sheriff Thom, Commander Yantis, Lieutenant Houston, and Sergeant Boal in their individual and official capacities for the Pennington County Jail's grievance procedures. Docket 1 at 2-3, 8. "While a violation of a state-created liberty interest can amount to a violation of the Constitution, not every violation of state law or state-mandated procedures is a violation of the Constitution." *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993) (per curiam) (holding that a refusal to process grievances alone did not state a constitutional deprivation). In *Buckley*, the Eighth Circuit explained that a prison grievance procedure "is a procedural right only, it does not confer any substantive right upon the inmates. Hence, it does not give rise to a protected liberty interest requiring the procedural protections envisioned by the [F]ourteenth [A]mendment." *Id.* (quotation omitted); *see also King v. Houston*, 556 F. App'x 561, 563 (8th Cir. 2014) (citing *Buckley* for the proposition that "prison officials' failure to process or investigate grievances,

11

without more, is not actionable under § 1983"). Here, Baker alleges that the way grievances are processed or remedied violates his rights, but this alone does not arise to the level of a constitutional violation. Thus, Baker's grievance process claims are dismissed without prejudice under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(l).

### 3. Conditions of Confinement Claims

Baker brings claims against Commander Yantis, Lieutenant Houston, and Sheriff Thom in their individual and official capacities and against Captain Anderson in his official capacity, arguing that the conditions of his confinement are unsafe. *See* Docket 1 at 1-2, 7-10, 12-13. Specifically, Baker alleges that the understaffed jail poses threats to his safety, that the jail uses lockdowns in a punitive manner, and that the jail's failure to implement pandemic protocols caused him to get COVID. *Id.* at 7-10, 12-13.

A pretrial detainee's conditions of confinement claims are analyzed under the Fourteenth Amendment's due process protections. *Bell v. Wolfish*, 441 U.S. 520, 535 n.16 (1979). "[T]he proper inquiry is whether those conditions amount to punishment of the detainee." *Id.* at 535. In *Bell*, the United States Supreme Court held that:

> A court must decide whether the disability is imposed for the purpose of punishment or whether it is but an incident of some other legitimate governmental purpose. Absent a showing of an expressed intent to punish on the part of detention facility officials, that determination generally will turn on "whether an alternative purpose to which [the restriction] may rationally be connected is assignable for it, and whether it appears excessive in relation to the alternative purpose assigned [to it]."

*Id.* at 538-39 (alterations in original) (internal citation and footnote omitted) (quoting *Kennedy v. Mendoza-Martinez*, 372 U.S. 144, 168-69 (1963)). If a condition is "reasonably related to a legitimate governmental objective, it does not, without more, amount to 'punishment.'" *Id.* at 539 (footnote omitted). But if the condition is arbitrary or purposeless, the court can infer that the condition is a "punishment that may not constitutionally be inflicted upon detainees[.]" *Id.* "The Government has legitimate interests that stem from its need to manage the facility in which the individual is detained." *Smith v. Copeland*, 87 F.3d 265, 268 (8th Cir. 1996) (citing *Bell*, 441 U.S. at 540). The Eighth Circuit has held that "placing a pretrial detainee in segregation prior to a hearing did not violate his Fourteenth Amendment right to procedural due process because the purpose of the segregation was 'for institutional security'— a legitimate governmental objective." *Hall v. Ramsay Cnty.*, 801 F.3d 912, 919 (8th Cir. 2015) (quoting *Whitfield v. Dicker*, 41 F. App'x 6, 7 (8th Cir. 2002) (per curiam)).

      Baker fails to allege sufficient facts to state a claim for violation of his Fourteenth Amendment due process rights regarding Pennington County Jail understaffing. Baker alleges that the jail is understaffed, posing a threat to his safety. Docket 1 at 10. Baker does not allege sufficient injury to state a conditions of confinement claim. He only claims that understaffing could cause threats to his safety. *Id.* Although he alleges that understaffing is the reason why non-medical staff are asked to hand out medicine, this claim is better addressed as a deliberate indifference claim above. Thus, this claim does not

13

allege sufficient facts to raise it above the speculative level as required by *Twombly*. Baker's claims for conditions of confinement in violation of his Fourteenth Amendment due process rights regarding jail understaffing are dismissed without prejudice under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(l).

Baker alleges that the conditions of his confinement violate his Fourteenth Amendment due process rights regarding lockdown usage and pandemic protocols. Baker alleges that jail staff use lockdowns in a punitive manner and that the jail's handling of the pandemic exposed him to COVID. *Id.* at 7, 8, 12-13. Under *Ashcroft*, each government official is only individually liable for his or her own unconstitutional conduct, and under *Parrish*, a supervisory official can also be individually liable for a failure to train or supervise that results in unconstitutional conduct. Although Baker describes conditions at the Pennington County Jail that may constitute a violation of his due process rights, he does not make specific allegations that the individual defendants either caused these conditions or failed to train or supervise those that caused them. *See* Docket 1 at 7-9, 12-13. Thus, Baker's claims for conditions of confinement in violation of his Fourteenth Amendment due process rights against Commander Yantis, Sheriff Thom, and Lieutenant Houston in their individual capacities are dismissed without prejudice under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(l).

Baker alleges that misuse of lockdowns occurs repeatedly and that he has filed grievances that notify policymaking officials of this misuse. Thus, he

14

states sufficient facts to allege an unofficial custom of lockdown misuse. Baker states sufficient facts regarding COVID because the jail's pandemic protocols, or lack thereof, are official policy. Thus, his conditions of confinement claims regarding lockdown use and pandemic protocols against Commander Yantis, Lieutenant Houston, Sheriff Thom, and Captain Anderson survive § 1915A screening.

### 4. Retaliation Claims

Baker brings claims against Lieutenant Houston, Commander Yantis, and Sheriff Thom in their individual and official capacities and against Captain Anderson in his official capacity for retaliating against him in violation of his First Amendment rights. *See id.* at 1-2, 11. To allege a First Amendment retaliation claim, a plaintiff must "show (1) he engaged in a protected activity, (2) the government official took adverse action against him that would chill a person of ordinary firmness from continuing in the activity, and (3) the adverse action was motivated at least in part by the exercise of the protected activity." *Spencer v. Jackson Cnty.*, 738 F.3d 907, 911 (8th Cir. 2013) (quoting *Revels v. Vincenz*, 382 F.3d 870, 876 (8th Cir. 2004)). "[T]he plaintiff must show the official took the adverse action because the plaintiff engaged in the protected speech." *Revels*, 382 F.3d at 876. Here, Baker claims that Lieutenant Houston has retaliated against him, but he does not provide specific allegations of mistreatment. He mentions that Lieutenant Houston and Captain Anderson question inmates about their religion, but he does not allege retaliatory actions based on answers to these questions. Thus, Baker's retaliation claims are

dismissed without prejudice under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(l).

II. **Missing Pages in Complaint**

The court notes that some pages appear to be missing from Baker's complaint. Specifically, pages 10, 11, and 13 end mid-sentence, suggesting that some of Baker's allegations contained in counts 5, 6, and 8 either failed to reach the court or failed to be scanned by the court. *See* Docket 1 at 10-11, 13. The court directs Baker to refile the missing pages by **February 28, 2022**, at which time the court will rescreen those claims. Failure to refile the missing pages by February 28, 2022, will result in Baker losing the ability to pursue his claims that did not survive this screening order.

Thus, it is ORDERED:

1. That Baker's claims for deliberate indifference to serious medical needs in violation of his Fourteenth Amendment due process rights regarding medication against Mrs. Kayla G. in her individual and official capacity, against Mr. Truax in his individual capacity, and against Sheriff Thom in his official capacity survive § 1915A screening.

2. That Baker's claims for conditions of confinement in violation of his Fourteenth Amendment due process rights regarding lockdown usage and pandemic protocols against Commander Yantis, Lieutenant Houston, Sheriff Thom, and Captain Anderson in their official capacities survive § 1915A screening.

3. That all of Baker's remaining claims against all defendants are dismissed without prejudice under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(l).

4. That Baker shall resubmit the pages missing after pages 10, 11, and 13 so that the court can fully screen his claims by **February 28, 2022**. Failure to do so will result in Baker only being able to pursue claims that survived screening in this order.

5. That the Clerk shall send blank summons forms and Marshal Service Form (Form USM-285) to Baker so that he may cause the complaint to be served upon defendants Mrs. Kayla G., Mr. Truax, Sheriff Thom, Commander Yantis, Lieutenant Houston, and Captain Anderson.

6. That Baker shall complete and send the Clerk of Court a separate summons and USM-285 form for defendants Mrs. Kayla G., Mr. Truax, Sheriff Thom, Commander Yantis, Lieutenant Houston, and Captain Anderson. Upon receipt of the completed summons and USM-285 forms, the Clerk of Court will issue the summons. If the completed summons and USM-285 form are not submitted as directed, the complaint may be dismissed.

7. The United States Marshal Service shall serve the completed summonses, together with a copy of the complaint (Docket 1) and this order, upon defendants Mrs. Kayla G., Mr. Truax, Sheriff Thom, Commander Yantis, Lieutenant Houston, and Captain Anderson.

8. Defendants Mrs. Kayla G., Mr. Truax, Sheriff Thom, Commander Yantis, Lieutenant Houston, and Captain Anderson will serve and file an answer or responsive pleading to the complaint on or before 21 days following the date of service or 60 days if the defendants fall under Fed. R. Civ. P. 12(a)(2) or (3).

9. Baker will keep the court informed of his current address at all times. All parties are bound by the Federal Rules of Civil Procedure and by the court's Local Rules while this case is pending.

Dated January 28, 2022.

        BY THE COURT:

        /s/ *Karen E. Schreier*
        KAREN E. SCHREIER
        UNITED STATES DISTRICT JUDGE