UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| JOEL LUTHER BAKER,<br><br>                    Plaintiff,<br><br>vs.<br><br>SHERIFF BRIAN MUELLER, Pennington County Sheriff, in his official capacity; COMMANDER YANTIS, in his official capacity; LT. HOUSTON, in her official capacity; and CAPTAIN ANDERSON, in his official capacity,<br><br>                    Defendants. | 5:21-CV-05084-KES<br><br><br>ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT |

Plaintiff, Joel Luther Baker, filed a pro se civil rights lawsuit under 42 U.S.C. § 1983. Docket 1. This court screened Baker's complaint, dismissing it in part and directing service upon defendants in part. Docket 6. The claims that survived screening were a deliberate indifference to serious medical needs claim in violation of Baker's Fourteenth Amendment due process rights regarding medication against Mrs. Kayla G. in her individual and official capacity, against Mr. Truax in his individual capacity, and against Sheriff Thom in his official capacity and a claim for conditions of confinement in violation of Baker's Fourteenth Amendment due process rights regarding lockdown usage and pandemic protocols against Commander Yantis, Lieutenant Houston, Sheriff Thom and Captain Anderson in their official

capacities. *Id.* at 16. Because Baker failed to timely serve the summons and complaint on Mr. Truax and Kayla G., the court later dismissed them as parties under Rule 4(m). Docket 25. Sheriff Brian Mueller was substituted for Sheriff Thom, in his official capacity. Docket 36. Defendants now move for summary judgment. Docket 30. Baker has not responded to the motion for summary judgment, and the time for response has passed.

## FACTUAL BACKGROUND

When considering a motion for summary judgment, the court recites the facts in the light most favorable to the non-moving party. Under Local Civil Rule 56.1.A, a party moving for summary judgment must present each material fact "in a separate numbered statement with an appropriate citation to the record in the case." D.S.D. Civ. LR 56.1.A. A party opposing summary judgment "must respond to each numbered paragraph in the moving party's statement of material facts with a separately numbered response and appropriate citations to the record." D.S.D. Civ. LR 56.1.B. "All material facts set forth in the movant's statement of material facts will be deemed to be admitted unless controverted by the opposing party's response to the moving party's statement of material facts." D.S.D. Civ. LR 56.1.D. Here, Baker has not responded to each numbered paragraph in defendants' statement of material facts (Docket 32) with a separately numbered response. Additionally, the court ordered Baker to respond to defendants' motion for summary judgment by August 2, 2023, and warned Baker that failure to do so would result in all material facts set forth in defendants' statement of undisputed materials facts

2

being deemed admitted if he failed to do so. Docket 37 at 7. He did not respond. Thus, all material facts in defendants' statement of material facts are deemed admitted.

The facts under defendants' statement of undisputed material facts are: that Baker was a pretrial detainee at the Pennington County Jail from April 2021 through April 2022. Docket 32 ¶ 1. Baker does not allege that the Pennington County Jail had an official policy that would constitute deliberate indifference to Baker's serious medical needs or punishment. *Id.* ¶¶ 9, 11.

Baker testified in his deposition that the jail had a pandemic policy, but certain employees were not following the policy. *Id.* ¶ 13. Baker also testified that it would be speculative to suggest that he would not have contracted COVID had other things been done. *Id.* ¶ 14. He testified that Kayla was the only non-medical staff that denied him medication. *Id.* ¶ 15. Kayla denied the medications if an inmate did not have identification, which was consistent with the rules in the handbook. *Id.* ¶ 16. Baker testified that he was subject to being locked down both when he violated the rules and when he did not violate the rules, such as when he raised his voice at a corrections officer. *Id.* ¶ 17.

## DISCUSSION

### I. Legal Standard

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party can meet this burden by presenting evidence that there is no dispute of material fact or by

showing that the nonmoving party has not presented evidence to support an element of its case on which it bears the ultimate burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). To avoid summary judgment, "[t]he nonmoving party may not rest on mere allegations or denials, but must demonstrate on the record the existence of specific facts which create a genuine issue for trial." *Mosley v. City of Northwoods*, 415 F.3d 908, 910 (8th Cir. 2005) (internal quotation omitted). The underlying substantive law identifies which facts are "material" for purposes of a motion for summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

"Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* "[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Id.* at 247-48 (emphases omitted).

Essentially, the availability of summary judgment turns on whether a proper jury question is presented: "The inquiry performed is the threshold inquiry of determining whether there is the need for a trial—whether, in other words, there are any genuine factual issues that properly can be resolved . . . in favor of either party." *Id.* at 250. While pro se prisoners are entitled to the benefit of liberal construction at the pleading stage, pro se prisoners are subject to the summary judgment standard set forth in Rule 56 of the Federal

4

Rules of Civil Procedure. *Quam v. Minnehaha Cnty. Jail*, 821 F.2d 522, 522 (8th Cir. 1987) (per curiam). The district court is not required to "plumb the record in order to find a genuine issue of material fact." *Barge v. Anheuser-Busch, Inc.*, 87 F.3d 256, 260 (8th Cir. 1996).

Courts must remain sensitive, however, "to the special problems faced by prisoners attempting to proceed pro se in vindicating their constitutional rights, and [the Eighth Circuit does] not approve summary dismissal of such pro se claims without regard for these special problems." *Nickens v. White*, 622 F.2d 967, 971 (8th Cir. 1980). "[W]hen dealing with summary judgment procedures technical rigor is inappropriate where . . . uninformed prisoners are involved." *Ross v. Franzen*, 777 F.2d 1216, 1219 (7th Cir. 1985) (internal citation omitted).

## II. Baker's Claims Regarding Pennington County Policies

Baker brings claims against defendants in their official capacities alleging that the governmental officials have instituted unconstitutional policies. Docket 6 at 2-3, 10, 14-15. "A suit against a government officer in his official capacity is functionally equivalent to a suit against the employing governmental entity." *Veatch v. Bartels Lutheran Home*, 627 F.3d 1254, 1257 (8th Cir. 2010). Baker's official capacity claims are equivalent to claims against Pennington County. "[A] local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). "[I]t is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may

5

fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." *Id.*; *see also Clay v. Conlee*, 815 F.2d 1164, 1170 (8th Cir. 1997) (finding that "the [governmental] entity's official 'policy or custom' must have 'caused' the constitutional violation" in order for that entity to be liable under § 1983).

To establish governmental liability premised on an unofficial custom rather than an official policy, a plaintiff must come forward with record evidence to support a finding of "a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees[]" and "deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the officials of that misconduct[.]" *Brewington v. Keener*, 902 F.3d 796, 801 (8th Cir. 2018) (quoting *Corwin v. City of Independence*, 829 F.3d 695, 700 (8th Cir. 2016)). "Proof of a single incident of unconstitutional activity is not sufficient to impose liability under *Monell*, unless proof of the incident includes proof that it was caused by an existing, unconstitutional municipal policy, which policy can be attributed to a municipal policymaker." *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 823-24 (1985). The court will consider each of Baker's surviving claims separately.

### A.   Deliberate Indifference to Serious Medical Needs Claim

Baker alleged in his complaint that the Pennington County Jail often has non-medical staff pass out medication and that this has caused him to be denied medication. Docket 1 at 5. Baker has failed to identify an official policy

of the jail regarding utilization of non-medical staff to pass out medications. Docket 32 ¶ 9. As a result, he must establish that a governmental custom exists. *Mettler v. Whitledge*, 165 F.3d 1997, 1204 (8th Cir. 1999). Baker's deposition testimony, however, shows that he cannot establish such a custom. He testified to only one alleged non-medical staff person passing out medications—Kayla G. And Baker admitted that she required inmates to show identification, in accordance with jail rules, before dispensing medication. Docket 32 ¶ 15. If he was denied medication, it was because he failed to show his identification to prison staff. *Id.* ¶ 16. Baker has not come forward with any evidence to demonstrate the existence of a custom of using non-medical staff to pass out medication that establishes deliberate indifference to his medical needs. Thus, defendants are entitled to summary judgment on this claim.

### B.     Lockdown Usage and Pandemic Conditions of Confinement

Baker alleges that the jail uses lockdowns in a punitive manner and that the jail's failure to implement pandemic protocols caused him to get COVID. Docket 1 at 7-10, 12-13. A pretrial detainee's conditions of confinement claims are analyzed under the Fourteenth Amendment's due process protections. *Bell v. Wolfish*, 441 U.S. 520, 535 n.16 (1979). "[T]he proper inquiry is whether those conditions amount to punishment of the detainee." *Id.* at 535. In *Bell*, the United States Supreme Court held that:

> A court must decide whether the disability is imposed for the purpose of punishment or whether it is but an incident of some other legitimate governmental purpose. Absent a showing of an expressed intent to punish on the part of detention facility officials, that determination generally will turn on "whether an alternative purpose

>to which [the restriction] may rationally be connected is assignable for it, and whether it appears excessive in relation to the alternative purpose assigned [to it]."

*Id.* at 538-39 (alterations in original) (internal citation and footnote omitted) (quoting *Kennedy v. Mendoza-Martinez*, 372 U.S. 144, 168-69 (1963)). If a condition is "reasonably related to a legitimate governmental objective, it does not, without more, amount to 'punishment.' " *Id.* at 539 (footnote omitted). But if the condition is arbitrary or purposeless, the court can infer that the condition is a "punishment that may not constitutionally be inflicted upon detainees[.]" *Id.* "The Government has legitimate interests that stem from its need to manage the facility in which the individual is detained." *Smith v. Copeland*, 87 F.3d 265, 268 (8th Cir. 1996) (citing *Bell*, 441 U.S. at 540). The Eighth Circuit has held that "placing a pretrial detainee in segregation prior to a hearing did not violate his Fourteenth Amendment right to procedural due process because the purpose of the segregation was 'for institutional security'— a legitimate governmental objective." *Hall v. Ramsey Cnty.*, 801 F.3d 912, 919 (8th Cir. 2015) (quoting *Whitfield v. Dicker*, 41 F. App'x 6, 7 (8th Cir. 2002) (per curiam)).

    With regard to the lockdown claim, Baker conceded during his deposition that some of the lockdowns he received were due to rule violations. He identified only one instance when he felt the lockdown was not due to a rule violation and instead was punitive. Docket 32 ¶ 17. He testified that that lockdown was for raising his voice at a correctional officer. *Id.* But one instance is not sufficient to establish an unofficial custom, *see Mettler*, 165 F.3d at

8

1205, and there is no evidence that such lockdown was not reasonably related to a legitimate governmental interest such as maintaining order in a jail.

With regard to the pandemic conditions of confinement claim, Baker has not identified an official policy of the Pennington County jail that violated his constitutional rights. Instead, Baker testified that some employees may have not followed the measures that Pennington County implemented to prevent or reduce the spread of COVID in the jail. Docket 32 ¶ 13. But "there is no § 1983 liability for violating prison policy." *Gardner v. Howard*, 109 F.3d 427, 430 (8th Cir. 1997). Additionally, Baker concedes that he cannot prove that he was infected with COVID due to anything Pennington County did or did not do. Docket 32 ¶ 14. Thus, defendants are entitled to summary judgment on this claim.

It is ORDERED:

1. That defendants' motion for summary judgment (Docket 30) is granted. Defendants are entitled to summary judgment in their favor on all claims.

Dated August 9, 2023.

                              BY THE COURT:

                              /s/ *Karen E. Schreier*
                              KAREN E. SCHREIER
                              UNITED STATES DISTRICT JUDGE